# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESSICA L. MILLER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:23-00368-KD-N |
| | ) |
| WALGREEN CO., INC. *and* | ) |
| MISTY MORTON, | ) |
|     Defendants. | ) |

## ORDER

This civil action is before the undersigned Magistrate Judge on review *sua sponte* of the Court's subject matter jurisdiction.[1] This case was removed from the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441 by Defendant Walgreen Co., Inc., with the Notice of Removal (Doc. 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing

*Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).2

Walgreen concedes that Defendant Misty Morton is not diverse from the Plaintiff, as both are alleged to likely be citizens of Alabama. However, it argues that, because Morton had not been served with process at the time of removal, her citizenship is disregarded for purposes of removal under the "forum defendant rule" in 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").3 However, this Court has previously rejected the argument that the procedural "forum defendant rule" creates an exception to the jurisdictional requirement of complete diversity among the parties under § 1332(a), *see Walker v. Yearling*, No. CV 1:21-00046-KD-N, 2021 WL 1015845 (S.D. Ala. Feb. 23, 2021) (Nelson, M.J.), *report and recommendation adopted*, 2021 WL 982637 (S.D. Ala. Mar. 16, 2021) (DuBose, J.), as have at least two courts of appeal. *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam) ("By reading §§ 1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, i.e., there must be what is known as complete

---

2 On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.'" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

3 Walgreen does not allege that Morton has been fraudulently joined in this action, or argue any other basis for disregarding Morton's citizenship.

diversity…[T]he complete-diversity requirement cannot be circumvented through failure to serve a party that would otherwise destroy complete diversity." (quotation marks omitted)); *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023) ("[S]nap removal cannot cure a lack of complete diversity. Remember that the forum-defendant rule only applies when the case is, in the words of the statute, 'otherwise removable,' meaning there is 'original jurisdiction.' 28 U.S.C. § 1441(a), (b)(2). It then *adds* a further limitation based on the citizenship of the defendant. It does not *subtract* the requirement that the parties be completely diverse. Indeed,…the forum-defendant rule is not jurisdictional at all. Violating it does not destroy jurisdiction. Complying with it cannot create jurisdiction either. Snap removal or not, an absence of complete diversity makes a federal forum unavailable." (citations omitted)). *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, *and* no defendant is a citizen of the forum State." (emphasis added)). Walgreen's notice of removal offers no argument or authority that convinces the undersigned to depart from that reasoning here.[4]

---

[4] Even the cases that Walgreen cites in support of its argument state that complete diversity of citizenship is still required regardless of whether the forum defendant has been served. *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir.), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("*Where there is complete diversity of citizenship*,…the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." (emphasis added)); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) ("[I]n accordance with the plain language of § 1441(b), courts have held, virtually uniformly, that *where, as here, diversity does exist between the parties*, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b)." (emphasis added)); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *1-2 (N.D. Ill. Nov. 29, 1999) ("Plaintiff attempts to circumvent the plain meaning of Section 1441(b)by arguing that 'a resident defendant not yet

Upon due consideration, Walgreen is hereby granted until no later than **OCTOBER 12, 2023**, to file and serve a brief showing cause why this case should not be remanded *sua sponte* for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."), for the reasons stated above.

**DONE** and **ORDERED** this the **28th** day of **September 2023**.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**

---

served cannot be disregarded for purposes of removal under § 1441(b).' … However in each of the cases cited by Plaintiff the non-served resident defendants destroyed diversity… Thus, Plaintiff has offered the Court no support for the argument that the presence of a non-served resident defendant, who otherwise does *not* destroy diversity, precludes removal under § 1441(b).").